**GUO DA CHEN, Petitioner,**

v.

**Alberto R. GONZALES, as Attorney General of the United States, Respondent.**

**No. 05–1183–ag.**

United States Court of Appeals, Second Circuit.

July 13, 2006.

Thomas V. Massucci, New York, NY, for Petitioner.

James R. Dedrick, Acting United States Attorney for the Eastern District of Tennessee; Tammy Owens Combs, Assistant United States Attorney, Chattanooga, TN, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Guo Da Chen, though counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") Paul A. DeFonzo denying his applications for asylum and withholding of removal relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ This Court reviews the IJ's factual findings under the substantial evidence standard, and, as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). First, insofar as Chen seeks review of the denial of his asylum claim, this Court lacks jurisdiction pursuant to 8 U.S.C. § 1158(a)(2)(B) and (3), since these provisions require that an alien file his application for asylum within one year of entry into the United States and that "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)." Although this Court retains jurisdiction to review constitutional claims and "questions of law" pursuant to 8 U.S.C. § 1252(a)(2)(D), Chen challenges only purely factual determinations.

■ With regard to the IJ's denial of asylum (if it is properly before us despite the IJ's determination that it is time-barred) and withholding of removal, the IJ's credibility determinations were substantially supported by the record as a whole. The determinations were properly based on the numerous and specific examples of conflicts between Chen's sworn statement, and his testimony before the IJ. First, in Chen's sworn statement he stated that in 1993, the family planning officials came to his home and took his wife away for sterilization, but Chen later testified that the officials took both of them to be sterilized. Chen first denied any inconsistency, and recanted his testimony only when the IJ replayed his testimony, and then merely stated that he could not remember all of the facts. Second, on direct examination Chen stated that after he was detained by the authorities, he immediately when into hiding and never returned to his work or home, but Chen later testified that he discovered that valuables had been taken from his home after he had returned from work. To resolve this inconsistency, Chen stated that he had simply made a mistake when he stated that he had returned from work. Finally, when Chen was given the opportunity to clarify or explain the inconsistences, he provided unsatisfactory answers. Accordingly, this Court cannot conclude that a "reasonable adjudicator [would be] compelled to find otherwise," and will affirm the BIA's order. *Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).